IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                                  No. 13CR336 WJ

BENJAMIN MENCHEGO,

    Defendant.

## ORDER MANDATING RESTITUTION

**THIS MATTER** comes before the Court upon Defendant's objections to the Pre-Sentence Report ("PSR") filed December 1, 2013 **(Doc. No. 80)**. Having considered the Defendant's objections to the PSR and the United States' response, the oral argument at the hearing conducted on December 3, 2013, and the applicable law, the Court finds that Defendant's objection to restitution being imposed is not well-taken and, therefore, is OVERRULED.

### Background

Defendant was initially indicted on the felony charge of assault resulting in serious bodily injury but the charges against Defendant were resolved by his guilty plea to the misdemeanor charge of simple assault in violation of 18 U.S.C. § 113(a)(5). The Court sentenced Defendant to one year of probation of December 3, 2013. See **(Doc. No. 91)**. There were numerous other conditions imposed upon Defendant at sentencing and all of the objections to those conditions have been resolved with the exception of whether restitution may be imposed. The United States contends that simple assault is a crime of violence making restitution an appropriate condition

while Defendant contends it does not fall into this category. The Court took this matter under advisement during sentencing hearing. See **(Doc. No. 91)** (noting the Court will issue a separate ruling on restitution).

## Analysis

Whether or not the Court may properly order restitution turns on whether the offense of conviction, simple assault in contravention of 18 U.S.C. § 113(a)(5), is a crime of violence. The Court may not order restitution under 18 U.S.C. § 3663 (a)(1)(A) which allows for discretionary imposition of restitution because Defendant has pled guilty to a misdemeanor and under that statute restitution may only be ordered for misdemeanors *in lieu of* any other penalty. See 18 U.S.C. § 3663 (a)(1)(A) ("The court, when sentencing a defendant convicted of an offense under this title [] may order [] in the case of a misdemeanor, *in lieu of* any other penalty authorized by law, that the defendant make restitution to any victim of such offense, or if the victim is deceased, to the victim's estate.") (emphasis added). Thus, the only basis for restitution in this matter is the mandatory restitution set forth in 18 U.S.C. § 3663A(a)(1) which states:

> Notwithstanding any other provision of law, when sentencing a defendant convicted of an offense described in subsection (c), the court shall order, in addition to, or in the case of a misdemeanor, in addition to or in lieu of, any other penalty authorized by law, that the defendant make restitution to the victim of the offense or, if the victim is deceased, to the victim's estate.

The relevant portion of subsection c provides that restitution is mandatory if the crime of conviction is a "crime of violence" as defined by 18 U.S.C. § 16. See 18 U.S.C. § 3663A(c). Therefore if the Court finds that the crime of conviction is a crime of violence, restitution must be ordered under 18 U.S.C. § 3663A.

As defined by 18 U.S.C. § 16, a crime of violence is:

(a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 16.[1]

The Tenth Circuit has defined physical force as "violent force-that is, force capable of causing physical pain or injury to another person." United States v. Ramon Silva, 608 F.3d 663, 669 (10th Cir. 2010). When determining whether an offense is a crime of violence, courts are required "to look to the elements and the nature of the offense of conviction, rather than to the particular facts relating to [Defendant's] crime." United States v. Zuniga-Soto, 527 F.3d 1110, 1118-19 (10th Cir. 2008) (citation omitted).

Section 113 does not define simple assault. However, the Tenth Circuit has held that simple assault in violation of Section 113(a)(5) "is committed by either a willful attempt to inflict injury upon the person of another, or by a threat to inflict injury upon the person of another which, when coupled with an apparent present ability, causes a reasonable apprehension of immediate bodily harm." United States v. Hathaway, 318 F.3d 1001, 1008 (10th Cir. 2003) (citing United States v. Joe, 831 F.2d 218, 220 (10th Cir.1987)). The Tenth Circuit has not specifically held that simple assault as defined by Section 113 is or is not a "crime of violence" as contemplated by 18 U.S.C. § 16.[2] Therefore, the Court must undertake its own analysis of whether simple assault is a crime of violence.

Simple assault involves either the attempted or threated infliction of injury upon the person of another. The Court finds that the elements of attempted or threatened infliction of

---

[1] Subsection b is clearly inapplicable in this instance because the crime of conviction, simple assault, is not a felony. See United States v. Rowe, 110 F. App'x 92, 93 (10th Cir. 2004) ("A violation of 18 U.S.C. § 113(a)(5) is a Class B misdemeanor.")

[2] As pointed out by Defendant, at least one circuit has held that simple assault as defined by Section 113 is not a crime of violence. See United States v. Diamond, 463 F. App'x 608 (9th Cir. 2011) ("[Defendant's] conviction for simple assault under 18 U.S.C. § 113(a)(5) is not a '"crime of violence'").

injury upon another meet the definition of a "crime of violence", because the physical injury element of the simple assault definition satisfies the physical force requirement for a crime of violence. The use of the phrase "injury" in the simple assault definition appears to exclude those instances that only involve a threatened or attempted offensive touching, and instead, only captures those instances where actual physical injury is attempted or threatened. Further, the term "willful" excludes unintentional actions. Although there are two alternative bases for culpability under the Tenth Circuit's definition of simple assault, the Court need not determine which theory Defendant's guilty plea is based upon, because both theories have an element of attempted or threatened use of physical force. See Damaso-Mendoza v. Holder, 653 F.3d 1245, 1248 (10th Cir. 2011) (noting that the Government need not prove which theory a defendant is convicted under if each of the possible theories of culpability meet the definition of crime of violence.).

Therefore, the Court finds that simple assault under Section 113 is a crime of violence as contemplated by 18 U.S.C. § 16 and thus, Defendant is subject to the mandatory restitution provision set forth in 18 U.S.C. § 3663A. Accordingly, Defendant is ordered to pay restitution to the victim in the amount of $4,632.32. This is the amount recommended by the United States Probation Office. This amount includes: 1) $181.85 requested by the victim for eyeglasses that were broken in the attack; 2) $600.00 requested by the victim for lost wages from December 20, 2013 through January 7, 2014; 3) medical reimbursement requested by Lovelace Health Plan in the amount of $3,850.47. Payment of restitution shall be made accordingly to the proper parties as set forth above. Restitution shall be paid jointly and severally with the co-defendant, Jayleen Armijo. If Defendant is unable to pay full immediate restitution, he shall make monthly payments of not less than 10% of his monthly income or $125, whichever is greater.

**SO ORDERED.**

_____
UNITED STATES DISTRICT JUDGE